UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 18-51384

CARESSA STEPHANIE TERRELL-ORAM,  Chapter 7

        Debtor.  Judge Thomas J. Tucker
_____/

30272 SOUTHFIELD RD., LLC,

        Plaintiff,

v.  Adv. Pro. No. 19-4277

CARESSA STEPHANIE TERRELL-ORAM,

        Defendant.
_____/

**ORDER SETTING THE AMOUNT OF ATTORNEY FEES THAT DEFENDANT MUST PAY TO PLAINTIFF, UNDER THE COURT'S APRIL 29, 2020 ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

        This adversary proceeding came before the Court for a hearing on April 29, 2020, on the Plaintiff's motion to compel discovery (Docket # 73, the "Motion"). For the reasons stated by the Court on the record during the hearing, the Court entered an Order on April 29, 2020, granting the Motion and ordering further proceedings (Docket # 84, the "April 29 Order"). In the April 29 Order, among other things, the Court ordered that:

> under Fed. R. Civ. P. 37(a)(5)(A), which applies in this adversary proceeding under Fed. R. Bankr. P. 7037, Defendant must pay to Plaintiff an amount equal to the reasonable attorney fees incurred by Plaintiff, if any, for the work of Plaintiff's counsel in preparing, filing, and prosecuting the Motion. The amount of such fees, if any, and the deadline for paying them, will be determined by the Court in a separate order, to be entered after May 13, 2020.

The April 29 Order required Plaintiff to file an affidavit regarding the fees claimed, and permitted the Defendant to file a response. The Court has reviewed the Plaintiff's affidavit and attached fee itemization, filed May 5, 2020 (Docket # 86, "Plaintiff's Itemization") and Defendant's response, filed May 8, 2020 (Docket # 87, "Defendant's Objections"). The Court will now rule on these matters.

The objection in ¶ 1 of Defendant's Objections is well taken, and is sustained. The Court will not award any fees for the time of Plaintiff's counsel on February 9 and 13, 2020.

The objection in ¶ 2 of Defendant's Objections is not well taken, and is overruled.

The objections in ¶ 3 of Defendant's Objections are not well taken, and are overruled. The affidavit of Plaintiff's counsel (Docket # 86, pdf page 1), at ¶¶ 5 and 6, demonstrates that Plaintiff has actually incurred the fees reflected in the fee itemization, and that Plaintiff "must pay" those fees. Further, the Court finds that the hourly rate of $290.00 per hour for the work of attorney Aaron Scheinfeld, as reflected in the fee itemization, is a reasonable hourly rate.

After subtracting the fees for the time of Plaintiff's counsel spent on February 9 and 13, 2020 (a total of $290.00), the resulting fee is $1,102.00. The Court finds that $1,102.00 is the amount of the reasonable attorney fees incurred by Plaintiff for the work of Plaintiff's counsel in preparing, filing, and prosecuting the Motion.

Accordingly,

IT IS ORDERED that no later than May 29, 2020, Defendant must pay to Plaintiff, c/o of Plaintiff's counsel, the sum of $1,102.00.

**Signed on May 15, 2020**

/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**